# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

### No. 18-4318

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

TAKWAN DEQUINTEN LUSTER,

        Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Thomas D. Schroeder, Chief District Judge. (1:13-cr-00082-TDS-1)

Submitted: October 18, 2018                Decided: October 23, 2018

Before GREGORY, Chief Judge, KING, Circuit Judge, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

William S. Trivette, WILLIAM S. TRIVETTE, ATTORNEY AT LAW, PLLC, Greensboro, North Carolina, for Appellant. Robert Albert Jamison Lang, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Takwan Dequinten Luster appeals the 24-month sentence imposed upon revocation of his supervised release. Luster's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no potentially meritorious grounds for appeal but questioning whether the sentence imposed by the district court is plainly substantively unreasonable. We affirm.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *Id.* (internal quotation marks omitted). "[W]e first must determine whether the sentence is procedurally or substantively reasonable," evaluating the same general considerations employed in our review of original sentences. *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017). If we find a sentence unreasonable, then we proceed to determine whether it is "plainly" so. *Webb*, 738 F.3d at 640.

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *Slappy*, 872 F.3d at 207 (footnote omitted). The "sentence is substantively reasonable if the court sufficiently states a proper basis for its conclusion that the defendant should receive the sentence imposed." *Id.* (alteration and internal quotation marks omitted).

Based on our review of the record, we conclude that Luster has failed to establish that his revocation sentence is plainly substantively unreasonable. The district court

2

properly calculated Luster's policy statement range of 15 to 21 months' imprisonment and statutory maximum of 24 months' imprisonment. *See* U.S. Sentencing Guidelines Manual § 7B1.4(a)(1), p.s.; 18 U.S.C. § 3583(e)(3) (2012). The court went beyond the policy statement range to impose the statutory maximum sentence but sufficiently grounded the sentence in the nature and circumstances of the offense, Luster's history and characteristics, and the appropriate balance between deterrence and rehabilitation. *See* 18 U.S.C. §§ 3553(a), 3583(e) (2012). The court cited Luster's decisions to participate in a violent home invasion, to completely disregard the efforts of his probation officer, and to breach the court's trust in a significant way. *See Webb*, 738 F.3d at 641 (recognizing that revocation sentence "should sanction primarily the defendant's breach of trust" (internal quotation marks omitted)).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Luster's conviction and sentence. This court requires that counsel inform Luster, in writing, of the right to petition the Supreme Court of the United States for further review. If Luster requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Luster. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3